IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TYRONE CEDRIC DUREN,

    Petitioner,

v.

I. JACQUEZ, Warden,

    Respondent.

Case No. 3:23-cv-00883-YY

ORDER TO DISMISS

SIMON, Judge

    Petitioner, an adult in custody at FCI Sheridan, brings this 28 U.S.C. § 2241 habeas corpus action as a self-represented litigant. For the reasons that follow, the Petition for Writ of Habeas Corpus is summarily dismissed.

## BACKGROUND

    Petitioner alleges that his continued confinement in the custody of the federal Bureau of Prisons ("BOP") violates his right to be free from cruel and unusual punishment because he suffers from various medical conditions which place him at risk in an over-populated prison facility. By way of remedy, Petitioner seeks immediate transfer to home confinement.

## LEGAL STANDARDS

    Habeas petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Under Rule 1(b), the Rules Governing § 2254 Cases apply to habeas corpus petitions brought pursuant to § 2241. Under Rule 4, the court must undertake a preliminary review of each petition for writ of habeas corpus. Upon such review, "[i]f it plainly appears from the face of the

1 – ORDER TO DISMISS

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the person can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a form in which to challenge the "legality or duration" of a prisoner's confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas is "the exclusive vehicle" for claims that fall within "the core of habeas corpus," that is, claims challenging "the fact or duration of the conviction or sentence").

By contrast, a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core" of habeas corpus and instead, should be brought as a civil rights action "in the first instance"). Thus, if success on a habeas petitioner's claim would not necessarily lead to his immediate or

2 – ORDER TO DISMISS

earlier release from confinement, the claim does not fall within "the core of habeas corpus" and must be pursued, if at all, in a civil rights action. *Nettles*, 80 F.3d at 935.

Here, Petitioner does not contest the legality of his conviction or sentence. Instead, he alleges that the conditions of his confinement, as a result of his medical conditions, violate his right to be free from cruel and unusual punishment. Although Petitioner requests relief in the form of release to home confinement, which is within the ambit of a writ of habeas corpus, Petitioner's claims challenge the conditions of his confinement and are properly the subject of a civil rights complaint, despite the relief he seeks. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072-73 (9th Cir. 2023) ("a successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas"). In order to obtain habeas relief under § 2241, Petitioner must show that his detention is without legal authorization. *Id.* at 1070. Because he has not done so, his Petition for Writ of Habeas Corpus is subject to summary dismissal. *See Camillo-Amisano v. Ponce*, --- Fed. App'x ---, 2023 WL 6830222, at *1 (9th Cir. Oct. 17, 2023) (affirming district court's summary dismissal of § 2241 habeas petition alleging conditions of confinement due to the COVID-19 pandemic rendered petitioner's continued custody a violation of right to be free from cruel and unusual punishment); *Luedtke v. Ciolli*, --- F.App'x ---, 2023 WL 6060605, at *1 (9th Cir. Sept. 12, 2023) (same).

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. *See Nettles*, 830 F.3d at 935-36. The Court, however, declines to do so in this case. Prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings. Indeed, the congressionally mandated filing fee for a prisoner civil rights complaint is currently $350.00, in contrast to the $5.00 filing fee for habeas petitions. 28 U.S.C. § 1914. And, while a civil rights action may proceed despite the

3 – ORDER TO DISMISS

prisoner's inability to prepay the entire $350.00 if he is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), the prisoner must still agree to pay the entire filing fee in installments, even if the complaint is ultimately dismissed. 28 U.S.C. § 1915(b)(1)-(2). Here, Petitioner has not paid the fee to file a civil rights action.

In addition, the Court would be obligated to screen the converted Petition under 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether the action is frivolous or malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the converted petition is ultimately dismissed on one of these bases, that dismissal would count as a "strike" against Petitioner for the purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" may not bring an action or appeal without prepayment of the full filing fee "unless the prisoner is under imminent danger of serious physical injury." Accordingly, if Petitioner seeks to pursue any civil rights claim, he must do so by filing a separate civil rights complaint in a new action.

## CONCLUSION

For these reasons, IT IS ORDERED that the Petition for Writ of Habeas Corpus is summary DISMISSED. IT IS FURTHER ORDERED that Petitioner's Motion for Preliminary Injunction (ECF No. 6) is DENIED.

IT IS SO ORDERED.

DATED this __8th__ day of November, 2023.

_____
Michael H. Simon
United States District Judge

4 – ORDER TO DISMISS